Filed 8/9/13  P. v. Whitmarsh CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW EVAN WHITMARSH,<br><br>Defendant and Appellant. | D063037<br><br>(Super. Ct. No. SCE319316) |

APPEAL from a judgment of the Superior Court of San Diego County, Roger W. Krauel, Judge.  Affirmed.

Bird Rock Law Group and Andrea Susan Bitar for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

A jury found Matthew Evan Whitmarsh guilty of driving under the influence and causing bodily injury (Veh. Code, § 23153, subd. (a))[1] (count 1) and not guilty of driving with a blood alcohol level of .08 percent and causing bodily injury (§ 23153, subd. (b)) (count 2). The trial court suspended imposition of sentence and placed Whitmarsh on five years' formal probation subject to various conditions, including that he serve 270 days in the custody of the sheriff.[2] We affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.      *The trial*

1.      *The trial court's dismissal of juror*

After the court and the parties had selected a jury, a seated juror asked to be excused. The juror stated that after she was selected as a juror the previous day, she had reflected on a traumatic experience that she believed would interfere with her ability to serve as a juror. The juror explained that her father had been an alcoholic who had died in a car accident. According to the juror, her uncles suspected "that the police had planted beer bottles in his truck," and "the autopsy . . . revealed that there was no alcohol in his

---

[1]      Unless otherwise specified, all subsequent statutory references are to the Vehicle Code.

[2]      Twenty-one days after the sentencing hearing, the trial court ordered Whitmarsh released from custody.

2

system." The juror stated, "I really do not believe that I would be able to be nonbiased to law enforcement" in light of the incident. The trial court asked the juror whether thoughts about the circumstances surrounding her father's death would "interfere with your ability to listen to the evidence and to deliberate with your fellow jurors . . . ." The juror responded, "I think it would. I really sincerely believe it would." The court dismissed the juror, over defense counsel's objection.

2. *The People's evidence*

On February 17, 2012, at approximately 6:38 p.m., while driving on a two-lane road with a double-yellow line separating traffic, Whitmarsh crossed over the double-yellow line in an attempt to pass a car. Whitmarsh's car collided head-on with a car travelling in the opposite direction. The occupant of the other car suffered injuries from the collision, including bruised knees, lacerations to her arms, and injuries to her back and hip.

California Highway Patrol Officer Eduardo Aguirre responded to the scene at 6:52 p.m. When Officer Aguirre approached Whitmarsh, Aguirre detected a strong odor of alcohol on Whitmarsh's breath and noted that his eyes appeared glassy. Whitmarsh told Officer Aguirre that he had drunk one beer at approximately 6:00 p.m. that evening. Officer Aguirre determined that Whitmarsh's speech was a "little slurred." Aguirre

conducted a horizontal gaze nystagmus test, and detected a lack of smooth pursuit of Whitmarsh's eyes.[3]

Paramedics transported Whitmarsh to the hospital. At 8:10 p.m. that evening, Officer Aguirre observed a phlebotomist draw a sample of Whitmarsh's blood. A criminalist with the San Diego County Crime Laboratory tested Whitmarsh's blood, and reported that Whitmarsh had a .06 percent blood alcohol level at the time the sample was taken. The criminalist stated that in his opinion, a 210-pound[4] male would have had a blood alcohol level of between .082 and .09 percent at approximately 6:38 p.m. on the evening that the sample was taken.

c.    *The defense*

Whitmarsh testified that he drank one 24-ounce beer before driving on the night in question. A private clinical laboratory scientist retested Whitmarsh's blood, and reported that he had a .05 percent blood alcohol level. The scientist stated that in his opinion a person who consumed a 24-ounce beer between 5:30 and 6:10 p.m., who was involved in a head-on collision at around 6:40 p.m., likely would have reached a peak blood alcohol level at approximately 8:10 p.m.

---

[3]    Officer Aguirre explained that "involuntary jerking, movement of the eye," is generally present when a person has consumed alcohol.

[4]    The People presented evidence that Whitmarsh weighed approximately 210 pounds.

2.      *The appeal*

On appeal, Whitmarsh's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  After counsel filed a *Wende* brief, this court granted Whitmarsh the opportunity to file a supplemental brief on his own behalf.  Whitmarsh has not filed a supplemental brief.

III.

DISCUSSION

*A review of the record discloses no error*

In his brief on appeal, Whitmarsh's counsel presents no argument for reversal, but asks this court to review the record for error, as mandated by *Wende*, *supra*, 25 Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel lists as a possible, but not arguable, issue: "Should the court have dismissed a juror who asked to be excused?"

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, including the possible issue listed pursuant to *Anders,* has disclosed no reasonably arguable appellate issues.  Whitmarsh has been competently represented by counsel on this appeal.

IV.

DISPOSITION

The judgment is affirmed.

                                                 _____

                                                                AARON, J.

WE CONCUR:

_____

              HUFFMAN, Acting P. J.

_____

                  HALLER, J.

6